IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANNETTE YORK, *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:09cv1163-MEF |
| ) | |
| BOB RILEY, *et al.*, ) | |
| ) | |
| Defendant. ) | |

# ORDER AND RECOMMENDATION
# OF THE MAGISTRATE JUDGE

Pending before the court is Plaintiffs' Second Amended Complaint. (Doc. #6). Plaintiffs initiated this action by filing a Complaint against Defendant Governor Riley and "unknown" state and federal agents. Comp. (Doc. #1). On January 4, 2010, the District Judge granted Plaintiff Annette York's Motion to proceed *in forma pauperis*, *see* Order (Doc. #3), and on January 6, 2010, referred the case to the undersigned Magistrate Judge for all pretrial proceedings and entry of any orders or recommendations as may be appropriate. Order (Doc. #4). Upon an initial review of Complaint, the court stayed service of process pending a review under 28 U.S.C. § 1915 (2000). Order of January 7, 2010 (Doc. #5). On January 13, 2010, Plaintiffs filed an Amended Complaint. (Doc. #6).

On February 3, 2010, the court ordered Plaintiffs to file a Second Amended Complaint in order to address what the court deemed to be fatal flaws in the Amended Complaint. (Doc. #10). On February 18, 2010, the court recommended that J.Y. be dismissed as an

unrepresented minor. (Doc. #14). On February 24, 2010, Plaintiffs filed a Second Amended Complaint (Doc. #15), and added the following Defendants: Dallas County Director of Human Resources, Director of Alabama Unemployment & Claims, Director Alabama Department of Revenue, Director of Montgomery County Human Resources, United States Attorney General Eric Holder, and Alabama Attorney General Troy King.

While this was ongoing, the court attempted to sort out the filing status of all Plaintiffs. When the original Complaint was filed, Plaintiffs A.Y. and J.Y., were listed as minors. The court raised the issue of A.Y. and J.Y.'s status as unrepresented minors and Plaintiffs responded that both A.Y. and J.Y. were now of majority age. The court, concerned as to the status of A.Y. and J.Y., set a hearing on their motions to proceed *in forma pauperis*. Neither A.Y. nor J.Y. appeared at the hearing. Thus the court denied Plaintiffs' motions and ordered them to pay the filing fee, which neither have done.

On April 5, 2010, Plaintiff Annette York filed a notice of appeal and Motion to proceed *in forma pauperis* on her appeal. (Docs. #20 & 21). On April 22, 2010, the District Judge denied the request to proceed *in forma paupris*, and the appeal was certified, pursuant to 28 U.S.C.A. 1915(a), as not taken in good faith. *See* Order of April 14, 2010 (Doc. #22). On July 2, 2010, the Court of Appeals for the Eleventh Circuit dismissed Plaintiff Annette York's appeal. *See* Order of July 2, 2010 (Doc. #25).

For the reasons that follow, it is the RECOMMENDATION of the undersigned that this action be DISMISSED prior to service of process, pursuant to the provisions of 28

2

U.S.C. § 1915(e)(2)(B)(ii) (2000).

## I. DISCUSSION

Twenty-eight U.S.C. § 1915 provides, in pertinent part, as follows: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In reviewing the Second Amended Complaint, the court has determined that this case is due to be dismissed for failure to state a claim upon which relief may be granted.

### A. Plaintiffs' Claims

Plaintiffs bring this suit pursuant to: 42 U.S.C. § 1985(2) and (3); 42 U.S.C. § 1983; the First, Fourth, and Fifth Amendments of the Constitution, as made applicable to the states through the Fourteenth Amendment; and Title VI of the Civil Rights Act of 1964, Section 601. The court will address each of Plaintiffs' claims below.

#### 1. 42 U.S.C. § 1985(2) and (3).

Plaintiffs have failed to set forth a claim under 42 U.S.C. § 1985(2) or (3). A claim pursuant to 42 U.S.C. § 1985(2) would only be proper where "two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully and truthfully." From what the court can discern, Plaintiffs' claim revolves around Annette York's alleged testimony in an Alabama state case. However,

"the phrase 'court of the United States' in § 1985(2) refers only to Article III courts and certain federal courts created by act of Congress, but not to state courts." *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 n.2 (11th Cir. 2000). Therefore, Plaintiffs have failed to state a claim under § 1985(2).

As to Plaintiffs' 42 U.S.C. § 1985(3) conspiracy claims, Plaintiffs allege that Governor Riley and other state actors conspired against her.[1] Such a claim would be barred under the intracorporate conspiracy doctrine. As the United States Court of Appeals for the Eleventh Circuit has said:

> This doctrine stems from basic agency principles that "attribute the acts of agents of a corporation to the corporation, so that all of their acts are considered to be those of a single legal actor." The reasoning behind the intracorporate conspiracy doctrine is that it is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself, just as it is not possible for an individual person to conspire with himself. This doctrine has been applied not only to private corporations but also to public, government entities.

*Dickerson v. Alachua County Com'n.*, 200 F.3d 761, 767 (11th Cir. 2000) (internal citations ommitted). Thus, because the intracorporate conspiracy doctrine applies to government entities, Plaintiffs have failed to state a claim under § 1985(3).

### 2. 42 U.S.C. § 1983.

"In order to state a claim for a conspiracy under section 1983, Plaintiffs must allege

---

[1] To the extent Plaintiff has alleged unnamed federal officers are also involved in the conspiracy, "the U.S. government has not waived its sovereign immunity for claims under Sections 1981 to 1986 of Title 42." *Jones v. National Communication and Surveillance Networks*, 409 F. Supp. 2d 456, 466 (S.D.N.Y. 2006).

'1) an agreement between two or more state actors or a state actor and a private entity; 2) to act in concert to inflict an unconstitutional injury; and 3) an overt act done in furtherance of that goal, and causing some harm.'" *Keating v. City of Miami*, 598 F. Supp. 2d 1315, 1332 (S.D. Fla. 2009) (quoting *Craven v. Florida*, 2008 WL 2856830, at *5 (M.D. Fla. July 22, 2008)). "A plaintiff claiming a conspiracy under § 1983 must make particularized allegations that a conspiracy exists." *Hansel v. All Gone Towing Co.*, 132 F. App'x 308, 309 (11th Cir. 2005).

The allegations made in the Second Amended Complaint appear to have nothing to do with Defendants. For example, Plaintiffs allege that some time after 2000, a Texas corporation called Correctional Billing conspired with the Selma City Police to perpetrate a "bomb threat hoax" in order to "fabricate terrorist charges against [Annette York]." Second Amended Comp. (Doc. #15) at 8. Plaintiffs allege two factors as evidence that the conspiracy existed. First, Plaintiff Annette York explains that a building in which she was working received a bomb threat, but that the two adjoining buildings were not notified of the bomb threat. Second, Annette York states that shortly after the bomb threat, she began noticing "an unusual amount of trucks with Texas license plates." *Id*. At no point do Plaintiffs allege that Defendants to this action took part in this particular "conspiracy." This is but one example of the dozens of conspiracies set forth in the Second Amended Complaint.

To the extent the Second Amended Complaint could be read to include allegations of conspiracy against the named Defendants, the allegations are vague, conclusory statements.

5

"In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984). Plaintiffs fail to inform Defendants in this action as to the nature of the conspiracy that involved them or what their role in the conspiracy might have been.[2] Accordingly, Plaintiffs have failed to state a claim pursuant to § 1983.

### 3. The Constitutional Amendments

Plaintiffs state they are filing suit pursuant to the First, Fourth, and Fifth Amendments of the Constitution, through the Fourteenth Amendment. However, Plaintiffs fail to state any claims based on these Amendments and against these Defendants. Accordingly, any claims based on these constitutional amendments are due to be dismissed.

### 4. Title VI, section 601, of the Civil Rights Act of 1964.

Title VI, section 601, of the Civil Rights Act of 1964, codified as 42 U.S.C. § 2000d states:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal

---

[2] For example, Plaintiff Annette York alleges that "federal agents and / or local / state agents" denied her equal protection through their interception of a facsimile "to OSHA and /or fax to Attorney General." Amended Comp. (Doc. #15) at 25. The court is unclear to which "Attorney General" this refers, as Plaintiffs have named the Alabama and United States Attorneys General as defendants. It is also unclear as to whether a facsimile was intercepted on its way to OSHA or one of the Attorneys General. And, most importantly, there is no allegation that the Attorney General in question was engaged in the "conspiracy" to intercept.

financial assistance.

From what the court can discern, this claim may stem from the purported denial of medicaid payments to which Plaintiffs allude on page 26 of the Second Amended Complaint. However, Plaintiff does not allege that any denial of benefits stems from racial discrimination, but later in the Second Amended Complaint states that any such denial of benefits was based on her failure to verify wages earned.[3] Second Amended Complaint (Doc. #15) at 27.

Further, prior to filing a suit under this statute, Plaintiffs would be required to exhaust any administrate remedies available to them. *See* 42 U.S.C. § 2000d-2. Plaintiffs have failed to specify: what type of federal benefit they were deprived; when they were denied; how it was based on race; and whether they exhausted all administrative remedies. Thus, they have failed to state a claim upon which relief can be granted.

B.     **Plaintiffs A.Y. and J.Y.**

In the original Complaint (Doc. #1), Plaintiffs A.Y. and J.Y. filed as minors. After the court raised concerns regarding their status as unrepresented minors, they informed the court that they had now reached the age of majority. The court then set a hearing for April 2, 2010, in an effort to determine their true status and to answer concerns the court had in regard to their applications to proceed without the prepayment of fees. In the Order setting the hearing, the court warned "that failure to appear at the hearing will result in the court

---

[3] Plaintiffs state that Annette York's pay stubs were stolen by Montgomery City Police officers.

denying any requests to proceed *in forma pauperis*." (Doc. #18). Neither A.Y. nor J.Y. appeared for the hearing. Accordingly, the court denied their applications to proceed *in forma pauperis* and ordered that they pay the filing fee and show cause why their case should not be dismissed for failing to abide by the orders of the court. *See* Order of April 14, 2010 (Doc. #23). Neither A.Y. nor J.Y. paid the filing fee, nor did they show cause as to why they had failed to follow the courts orders.

The court had previously recommended that J.Y. be dismissed from this action as an unrepresented minor, and could recommend J.Y. and A.Y.'s dismissal from this action for failing to pay the filing fee. However, because the court is recommending that the entire action be dismissed for failing to state a claim, the court will withdraw its earlier recommendation.

### III.   CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation that J.Y. be dismissed as an unrepresented minor (Doc. #14) is WITHDRAWN. Further, it is

the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED, prior to service of process, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) (2000). It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before July 29, 2010**. Any objections filed must specifically identify

the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 15th day of July, 2010.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE